STATE v. WILLIS YARBOROUGH.

*Indictment--Poisoning--Defective Indictment.*

An indictment for administering poison (strychnia) with intent to kill, which does not contain an averment that the defendant "well knew that the said strychnia was a deadly poison," is fatally defective,

INDICTMENT for administering Poison with intent to kill, tried at Spring Term, 1877, of GRANVILLE Superior Court, before *Buxton, J.*

The jury rendered a verdict of guilty and the defendant moved in arrest of judgment; for that the bill did not charge that the defendant administered the poison knowingly and secretly. His Honor overruled the motion and the defendant appealed.

*Attorney General,* for the State.
*Messrs. Geo. Wortham* and *Merrimon, Fuller & Ashe,* for the defendant.

BYNUM, J. The defendant was indicted and convicted of administering poison to William Mills, with intent to kill; and he now moves in arrest of judgment for defects in the bill of indictment.

The bill charges that the defendant on a certain day, "feloniously and unlawfully did administer to William Mills a large quantity of a certain deadly poison, called strychnia; to-wit, two drachms, with intent, &c.," omitting the averment that he "then and there well knew that the said strychnia was a deadly poison," &c.

The precedents all contain this averment either in express terms or in substance and effect. For example here is one from Chitty, for sending poison with intent to kill: "That

G. L., late &c., not having &c., but being moved and seduced &c., and of his malice aforethought, contriving and intending, the said A. B., with poison, feloniously to kill and murder, on &c., with force and arms at &c., aforesaid, a great quantity of yellow arsenic, being a deadly poison, with a certain quantity of white wine, feloniously, wilfully and of his malice aforethought, did mix and mingle, he the said G. L. then and there, *well knowing the said yellow arsenic to be a deadly poison,* &c." Chit. Cr. L. 776 ; *State* v. *Blandy,* 18. Howell's State Trials, 1118.

It is always safest to follow long approved precedents. Strychnia is a technical term, used and well known in the *Materia Medica* as descriptive of a deadly poison, but this poison with its technical name is of recent discovery, and though generally, may not be universally known among the laity as a deadly poison, and its administration to another without this knowledge of its deadly effects may not necessarily be a crime. Hence there should be an averment that the accused knew it to be a deadly poison.

There is error.

PER CURIAM.                                   Judgment arrested.