STATE v. JACOB F. SLAGLE.

*Expert—Evidence—Indictment for Murder by Poison.*

1. The opinion of a medical expert upon a matter within the scope of his profession is admissible evidence and should be carefully weighed by the jury.

2. In an indictment for murder by poison, an averment that the prisoner knew of its noxious properties, is not essential. (*State* v. *Yarborough*, 77 N. C., 524, overruled.)

3. See syllabus in same case reported in 82 N. C., 653.

(*Flynt* v. *Bodenhamer*, 80 N. C., 205, approved, and *State* v. *Yarborough*, 77 N. C., 524, overruled.)

INDICTMENT for administering Poison tried at Spring Term, 1880, of MACON Superior Court, before *Schenck, J.*

See same case reported in 82 N. C., 653. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Messrs. Gilliam & Gatling,* for defendant.

SMITH, C. J. This case was before us at the last term upon a demurrer which was overruled; and the defendant having been since tried and convicted of the offence imputed, in his present appeal assigns for error the admission of certain evidence offered by the state and also moves an arrest of judgment for the same defects in the bill alleged and decided at the former hearing.

During the trial a bottle containing the mixture which had been administered by the defendant was produced and shown to Dr. Lyle, an admitted medical expert, who stated he thought he could tell its ingredients from its smell, taste, and appearance, but he had made no chemical analysis, and he was allowed, after objection, to give an opinion as to what the mixture was composed of, and its effect upon a woman in pregnancy, when taken, and the danger to life. The exception was not insisted on in the argument of defendant's counsel, and it is in our opinion untenable. "The opinion of a well instructed and experienced medical man upon a matter within the scope of his profession and based on personal observation and knowledge," as was remarked in *Flynt* v. *Bodenhamer,* 80 N. C., 205, "is and ought to be carefully considered and weighed by the jury in rendering their verdict." No further comment on the point seems necessary.

The sufficiency of the indictment, equally involved in the demurrer and in the motion to arrest the judgment, has

already been decided, and if it be still an open question, our opinion remains unchanged.

The last two counts charge an offence at common law and pursue the form set out in Arch. Cr. Pl., 341, and in Chitty's Cr. Law, 798, which was prepared a year previous to the enactment of 43 George III, ch. 58, and is taken from the crown office as stated in the note to 2 Rus. on Crimes, 522 (533). In some of the states it has been held that in the absence of any statute the offence can only be perpetrated upon a woman so far advanced in gestation as to be quick with child, and this requirement is met in the present bill. But we are not disposed thus to restrict the criminal act, but to hold that it may be committed at any stage of pregnancy. It was determined by the supreme court of Pennsylvania in *Mills* v. *Commonwealth*, 13 Penn. State Rep., 631, and we quote the clear and forcible language in which the principle is announced in the opinion of COULTER, J.: "It is a flagrant crime at common law to attempt to procure the miscarriage or abortion of the woman because it interferes with and violates the mysteries of nature in the process by which the human race is propagated and continued. It is a crime against nature which obstructs the fountains of life and therefore it is punished. The next error assigned is that it ought to have been charged in the count that the woman had become quick. But although it has been so held in Massachusetts and in some other states, it is not, I apprehend, the law in Pennsylvania, and never ought to have been the law anywhere. It is not the murder of a living child which constitutes the offence, but the destruction of gestation by wicked means and against nature. The moment the womb is instinct with embryo life and gestation has begun, the crime may be perpetrated."

This enunciation of the law, so careful and distinct in expression, dispenses with the necessity for further discussion.

STATE *v.* SLAGLE.

The objection to the sufficiency of the first two counts which charge the administration of a poisonous substance, one of them specifying the mixture, with intent to kill the mother, for want- of an averment that the defendant knew its noxious properties, if well founded, could not interfere with the judgment to be pronounced upon the conviction under the other counts, and is therefore not necessary to be considered. Such an averment is usually found in indictments charging the crime of murder or the attempt to commit it by the use of deadly drugs; and in *State* v. *Yarborough*, 77 N. C., 524, it is said by the court to be always safest to follow long approved precedents in this regard. But we are not prepared to concede that such an allegation is essential to the validity of the bill, when it charges the administration of poison, a word which *ex vi termini* imports its fatal properties when introduced into the system, with the intent to take human life. The knowledge would seem to be implied in the very use made of the poisonous drug with the imputed purpose. And so it is declared not to be a sufficient reason for allowing a writ of error after conviction upon an indictment for murder by poison, that it fails to aver that the prisoner knew the substance employed to be a poison, though such an averment is always safe. 2 Whar. Cr. Law, § 1066.

At the last term the defendant's appeal was inadvertently entertained instead of being dismissed, as it should have been, since no final judgment had then been rendered. But the dismissal of the appeal and the overruling of the demurrer have the same legal effect, in requiring the court below to proceed with the case, and we notice the course then pursued that it may not become a precedent in future practice and the error be at once corrected.

There is no error. This will be certified to the superior court of Macon.

PER CURIAM. No error.