The following issues were submitted to the jury:
"1. Did the defendant, by its negligence in moving its cars and engine, kill the horse of the plaintiff?"
To which the jury responded, "Yes."
"2. If `Yes,' what damage has the plaintiff sustained thereby?"
To which the jury responded, "$75."
The defendant requested the court to charge the jury:
"1. If the jury believe that the engineer, as soon as he could by looking out and being on the watch, discovered the horse, and then used all the efforts at his command to stop the train, and could not do so in time to keep from striking the horse, then the defendant was not guilty of negligence, and the plaintiff could not recover."
"2. If the jury believe that the engineer was prevented from seeing the horse, had be been on the careful lookout, by the weeds and bushes growing upon the right of way not in the actual use of the company, and on the side of the road on which the horse was killed, and the horse suddenly emerged therefrom, and got upon the track in front of the approaching train, and the engineer did all he could to prevent the collision, and the horse was killed, then the prima facie case in favor of the plaintiff would be rebutted, and the jury should find the first issue in favor of the defendant."
The court gave the second instruction as asked for by the defendant, but modified the instruction asked for by the defendant, and numbered above "1," by adding to said first instruction the following:
"But if the jury should find from the testimony that the defendant carelessly and negligently suffered and permitted bushes and weeds to grow on its right of way, between the railroad track and the railroad *Page 416 
(568) ditch to drain the roadbed, which ditch in this case is testified to be in about three or four feet of said track; and if the jury shall further find that said weeds and bushes were tall enough to hide the horse from the engineer, and did hide the same until it was too late to stop the train and prevent the destruction; and if the jury shall in addition believe that the horse was killed because he was concealed by the bushes and weeds as aforesaid, and but for the same would not have been killed, then the defendant is negligent. The defendant is not required to clear the right of way outside of the said drain or ditch, and if the horse was killed because of being concealed in bushes or weeds growing beyond said limits, the defendant is not negligent."
There was no exception by defendant that there was no evidence to which the modification of the instruction made by the court to the first instruction asked by the defendant was applicable.
Ward, the plaintiff, testified "that in July, 1888, or June, his horse was killed by the defendant railroad; heard Shoo-Fly train blow like something on track; horse had broken loose and was at large; began to blow one-half mile from where horse was killed at 11 o'clock in day; saw track of plow-line that horse dragged along the railroad; Shoo-Fly backed back to horse after killing him; horse lying on embankment in two and a half feet of cross-ties; tracked the horse by actual steppings half-mile on the railroad; on east side of railroad, and on the right of way, were bushes; west side, none now. You can see a horse 1,600 or 1,700 yards plainly where horse killed. Tracks made by a horse walking."
Knight, the engineer: "Remember killing the horse; had an engine and two coaches; can stop a long train of coaches easier than short train; forty or fifty yards from horse when I first saw him; was (569) on the lookout, and could not see him sooner; bushes four or five feet high grow there in four or five feet of track; curved track there; hit horse on rump before he got on track; I blew whistle applied air-brakes, reversed engine; we had good machinery, all right; blew whistle at crossing, and also two or three times before hitting the horse; had no time to blow more; running at schedule rate, twenty-five to thirty-five miles an hour, and on schedule time; did all in power to stop train, and could not; could not stop under 200 yards; ran 150 yards beyond horse; bushes hid the horse from my sight; bushes growed on edge of railroad drain and on inside of it next to track; could not see horse for those bushes; ditch two and a half to three feet deep, four or five feet wide, and in three or four feet of railroad track; rope around horse's neck cut by my car-wheels."
There was other evidence tending to corroborate the plaintiff and the engineer, not deemed necessary to be sent up. *Page 417 
There being no objection to the sufficiency of evidence, all of it is not sent.
The defendant excepted to the additions and qualifications made by the court to his first prayer for instructions.
There was verdict and judgment for plaintiff, and defendant appealed.
The defendant's engineer testified that the bushes which hid the horse from his view grew "on the inside" of the "railroad drain" and "next to the track." It was held on the former appeal in this case to be the duty of railroad companies to remove such growth, whether of shrubs, trees or grain, as was calculated to obstruct the view of their engineers, to the outer bank of the side ditches, or from all of the ground of which they assumed actual dominion for corporate (570) purposes. Ward v. R. R., 109 N.C. 358; Hinkle v. R. R.,109 N.C. 472.
In making the addition and qualification of the instruction asked, to which defendant excepted, the judge below stated the law applicable to the testimony of the defendant's witness, Knight, and substantially as announced by this court in the opinion referred to. There was, therefore,
No error.
Cited: Tate v. Greensboro, 114 N.C. 411; Black v. R. R., 115 N.C. 673;Blue v. R. R., 117 N.C. 649; Shields v. R. R., 129 N.C. 4; Simpsonv. Lumber Co., 131 N.C. 521.