A. M. BLACK v. ABERDEEN AND WEST END RAILROAD COMPANY.

*Action for Damages—Railroad Company—Rubbish on Right-of-Way—Sparks from Locomotive Causing Fire to Turpentine—Negligence.*

1. A railroad company having control over its right-of-way, it is its duty to keep it in such condition as that the property of others may not be endangered, and it is liable for its failure to do so.

2. An allegation in a complaint that the defendant negligently permitted fire to be communicated from their engines or property to the lands adjoining their railroad, or right-of-way, by which said fire, the spread and extension thereof, plaintiffs turpentine was burned and destroyed, is a sufficient allegation of negligence on the part of the defendant resulting in damage to the plaintiff.

CIVIL ACTION, tried before *Brown, J.,* at August Term, 1894, MOORE Superior Court, being an appeal from Justice of the Peace.

The plaintiff brought action to recover the value of certain turpentine alleged to have been destroyed by fire communicated by defendant's engine, April 1, 1893. The defendant denied the allegations that it had been guilty of any negligence.

The plaintiff admitted that the engine of defendant was in good condition and had a proper spark arrester. The only claim of negligence alleged by plaintiff was that the defendant's roadbed and right-of way are foul with rubbish and combustible material to which fire was communicated.

The following evidence was introduced by plaintiff:

A. M. Black testified: " My turpentine was a mile and a half east of railroad track at Graham's Landing. It was on Daniel Blue's land. Wind blowing on day of fire from railroad track towards my turpentine very hard. Fire reached my turpentine about noon. Large tract of country covered

by. fire that day.  My turpentine strip a half mile wide. Fire swept over all my turpentine boxes; I rented them. My damage is $45 for turpentine destroyed; turpentine in 7,000 boxes destroyed.  Was impossible to put out fire; did all I could.  Several persons owned land between my turpentine trees and the railroad track; fire crossed their tracts before it burned my turpentine.  I raked around my boxes and trees the winter before; cleared away straw.  It is generally considered perfectly safe among turpentine farmers to rake around trees once in two years.  This fire occurred April 1, 1893.  About 8,000 of my boxes not destroyed, because fire didn't reach them.  About 1,000 of my boxes not damaged much because straw not gathered around them. It is one and one-fourth miles from my trees to West End; one mile to Graham's Landing.  There was a fire about West End which did not reach my place.  Graham's Landing is little south of west from my turpentine.  There was also another fire.  Don't think any reached my place except Graham's Landing fire."

Speight testified for plaintiff: "Saw fire at Graham's Landing; it was in eight or ten feet of railroad track on east side of road and burning towards east.  Fire burning dead grass and logs on right-of-way.  Fire burning towards Nick's Creek in direction of Daniel Blue's."

Daniel Blue testified: "This turpentine was easterly from Graham's Landing; wind blowing in that direction from the landing to this turpentine.  Plaintiff's turpentine destroyed worth $40 or $50."

C. C. Crocker, engineer on train, day of fire, testified for defendant: "Down grade towards Graham's Landing from Aberdeen.  Road runs from Aberdeen on east to West End on west.  Steam generally shut off on down grade; don't remember on this occasion.  With heavy train on down grade carry light steam—light train no steam.  Roadbed perfectly clean to outside the ditches.  No straw near ties

inside ditches. The roadbed includes the ditches to outside edge of ditches. This roadbed entirely clean or clear all along by Graham's Landing. Running fifteen miles per hour. Examined spark arrester day after fire—perfect condition, not a hole in it."

Johnson, section-master: "Roadbed clean and in good condition. Wide space clean; no straw near ties."

There were other witnesses introduced by defendant who testified, in substance, that the engine was in good condition, spark arrester perfect, no holes in it, and no straw or combustible material on roadbed near track. The right-of-way of defendant is eighty feet wide on each side of track. There were other witnesses offered to corroborate the testimony of witnesses for plaintiff and defendant, as set out, which it is unnecessary to copy in this case.

The following issues were submitted without objection:

"1. Was the plaintiff's turpentine burned and damaged by the negligence of defendant? Yes.

"2. Was the plaintiff guilty of contributory negligence? No.

"3. What damage, if any, has plaintiff sustained? $40."

The defendant submitted, in apt time, four prayers for instructions. The Court refused the second and third and gave the fourth. The first is embodied, with alteration and modification, in the charge of the Court.

His Honor charged the jury that there was no evidence of contributory negligence, and directed them to answer the second issue No.

Upon first issue the Court charged—

"It is admitted by the plaintiff that the engine was in good condition and had a proper spark arrester. It is useless to consider all the evidence relating to that. The only claim of negligence made by the plaintiff is upon the ground of rubbish on the right-of-way or upon or near the roadbed. The law does not require a railroad company to clear up all of its right-of-way or cut down all the trees except so far as

to render its track and roadbed entirely safe. That is a duty it owes to the passengers and not the public. Nor does the law require that the company shall cut down all the growing shrubbery on its right-of-way, and it is not obliged to plow up or shrub off its right-of-way. But there is a duty a railroad company owes to the public and the neighboring landowners, and that is this:

"The railroad company must keep its track and roadbed clear of all such substances as are liable to be ignited by sparks or cinders from its engines. A railroad company is required not only to keep its track and roadbed free from such inflammable substances, but it must go to the extent of keeping a reasonable distance on its right-of-way beyond its track and roadbed free from such substances. Whatever distance from its track on its right-of way that may be reasonable, in the exercise of ordinary care to prevent such inflammable and combustible substances being ignited by *its* engines, must be kept free from them. If the company fails in this duty to the public it is liable in damages to those who are directly injured thereby. If it is necessary to keep its entire right-of-way free from combustible substances to prevent ignition from engine sparks, then its whole right-of-way must be kept clear of those inflammable and combustible substances."

The Court gave the fourth prayer of plaintiff: " You must first ascertain whether or not the fire was occasioned by fire or sparks from the engine. The burden of proof is on the plaintiff to show this. If plaintiff has not shown it, that ends the case, and you should answer first issue ' No,' and find for defendant. If you find that the fire was occasioned by the fire or sparks from the engine, then you must go on further and inquire whether or not the defendant company has been negligent, and whether or not the damage to plaintiff has been proximately caused by such negligence. If so, you should answer the first issue ' Yes.' "

The Court then charged, that "if the jury find, from the evidence, that the defendant company permitted dead grass and straw, dried-up leaves and an accumulation of combustible matter to exist on its right-of-way, so near the track as to collect fire from the engine, and it did collect fire from the engine, and the fire spread across the lands of the right-of-way and across the lands of another person to plaintiff's land, defendant company would be liable to plaintiff for damages sustained."

There was a verdict for plaintiff. Defendant moved for new trial, assigning errors in the charge of the Court, to wit, to so much of said charge as follows:

"The railroad company must keep its track and roadbed clear of all such substances as are liable to be ignited by sparks or cinders from its engines. A railroad company is required not only to keep its track and roadbed free from such inflammable substances, but it must go to the extent of keeping a reasonable distance on its right-of-way, beyond its track and roadbed, free from such substances. Whatever distance from its track on its right-of-way that may be reasonably necessary, in the exercise of ordinary care, to prevent such inflammable and combustible substances being ignited, must be kept from them. If the company fails in this duty to the public, it is liable in damages to those who are directly injured thereby. If it is necessary to keep its entire right-of-way free from combustible substances to prevent ignition from engine sparks, then the whole right-of-way must be kept clear of those inflammable and combustible substances.

"That if the jury find, from the evidence, that the defendant company permitted dead grass and straw, dried-up leaves and an accumulation of combustible matter to exist on its right-of-way, so near the track as to catch fire from the engine, and it did catch fire from the engine, and the fire spread across the lands of the right-of-way and across the lands of another person to the plaintiff's land, defendant company would be liable to plaintiff for damages sustained."

*Mr. J. W. Hinsdale,* for plaintiff.

*Messrs. Black & Adams* and *W. C. Douglas,* for defendant (appellant).

BURWELL, J.: The control which railroad companies have over the land covered by their rights-of-way is given to them that they may properly perform their *quasi* public duties. They have the authority to keep the land thus subjected to their use in such condition that their use of it will not endanger the property of others. Having this authority, they must exercise it, or else pay for such damage as comes to one who, himself being free from fault, suffers injury from a neglect to keep it in the required condition.

We think the charge of his Honor very properly presented the matter to the jury. The concluding sentence of this charge, as set out in the record, was itself a sufficient statement of the law applicable to the facts of this case.

There was a motion made before us to dismiss the action because the complaint did not state facts sufficient to constitute a cause of action. The allegation of the complaint is that the defendant " negligently permitted fire to be communicated from their engines or property, to the lands adjoining their railroad and right-of-way, by which said fire, the spread and extension thereof, plaintiff's said turpentine was burned and destroyed." This was a sufficient allegation of negligence on the part of defendant, resulting in damage to the plaintiff, and it was supported on the trial by evidence sufficient, if believed by the jury, to establish those facts upon which the liability of the defendant to the plaintiff depended, which are succinctly stated in the closing portion of the charge.                                    No Error.

AVERY, J. (concurring): Concurring fully with the majority of the Court in the judgment announced, I deem it best to state a little more explicitly the grounds upon which I

rest my opinion. The right-of-way of railroads is, by judgment of condemnation, made subject to occupation whenever the corporation finds it necessary to use it in furtherance of the ends for which the company was created. In assessing the damages it must be assumed that the estimate is not based upon the idea of the exclusive occupation and perception of the profits of the whole of the condemned land by the corporation, but upon the more reasonable view that only so much of the territory will be subjected to occupation and exclusive dominion as is necessary for tracks, ditches and houses to be used for stations and section hands, while outside of this the owner of the servient tenement will be unmolested, except where entry is made for the purpose of removing something that endangers the safety of passengers traveling on the railroad, or that may subject the company to liability for injury to adjacent lands or property. This is the principle to which this Court has given its sanction in *Ward* v. *Railroad*, 113 N. C., 566, in the same case 109 N. C., 358, and in *Hinkle* v. *Railroad*, 109 N. C., 472.