DANIEL BLUE v. THE ABERDEEN & WEST END RAILROAD COMPANY.

*Action for Damages—Expert Testimony—Discretion of Court—Railroad Companies—Right of Way—Fires from Engine Sparks.*

1. Whether a witness offered as an expert has the necessary qualifications is a matter largely within the discretion of the court and where there is any evidence of it, the finding like that of the jury is not reviewable in this Court.

2. The refusal to permit a witness who has testified that he is a professor of civil engineering, and has made the law of moving bodies a study, and can tell how far a train will move by its momentum, to testify as an expert as to the distance such train would travel, in order to contradict the testimony of other witnesses testifying from practical experience, will not be disturbed on appeal.

3. A railroad company is liable for any damage that may result to owners of land adjacent to its right of way caused by the spreading of fire which originates from the falling of sparks from its engine upon grass or other inflammable material negligently left upon the right of way.

4. In an action against a railway company for damages from fire alleged to have been started by sparks from defendant's engine, an instruction that it was defendant's duty to keep its track clear of substances liable to be ignited by sparks as far as might be necessary to prevent fires, even to the full width of the right of way, was proper.

5. In such case an instruction that it was defendant's duty to equip its road with modern appliances "sufficient to guard against the escape of fire," and to have its engines manned by competent men, and that if the jury "were satisfied" that the engine had modern appliances to guard against fires, and was manned by competent men, and was carefully operated, there would be no negligence in respect to the engine, sufficiently shows the duty of defendant.

6. Such instruction sufficiently places the burden on defendant of satisfying the jury that its engines were properly equipped and manned.

CIVIL ACTION for damages, tried before *Hoke*, *J.*, and a jury, at August Term, 1895, of MOORE Superior Court, in which plaintiff sought to recover damages for injury to property caused by fire alleged to have originated on the defendant's right of way from sparks from the defendant's engine falling on inflammable material alleged to have been negligently left thereon. There was judgment for the defendant and plaintiff appealed. The facts necessary to an understanding of the opinion are sufficiently adverted to therein.

*Messrs. Shepherd & Busbee*, *W. E. Murchison* and *J. W. Hinsdale*, for plaintiff (appellant).

*Messrs. Douglass & Spence*, *Black & Adams* and *Shaw & Scales*, for defendant.

AVERY, J.: The exception to the ruling of the court that the witness Riddick had not qualified as an expert seemed to be relied on with more confidence than any one of the great number taken on the trial. After the court had found, upon objection of defendant, that on a previous preliminary examination the witness had not shown that he had the peculiar skill and knowledge which proved his fitness to testify as an expert, a re-examination elicited the following statement from him : " That he was professor of

civil engineering and mathematics in the North Carolina College of Agriculture and Mechanical Arts ; that he has made the subject of mechanics and of moving bodies a special study ; that there are certain mathematical rules by which it can be ascertained how far moving bodies, such as trains, will go by their own momentum; that he was thoroughly acquainted with these rules and had applied them frequently, and that he thought in half an hour he could make a calculation by which he could ascertain the distance that this train would go at the place named, with the momentum described, and upon the grade as testified to by him. Witness said he had no actual experience in running railroad trains. He was not asked the question whether he could give an opinion satisfactory to himself. The plaintiff thereupon renewed the following questions : If the jury should find that a train, as described by defendants' witnesses, was moving up the long grade and was travelling when it reached the top at the rate of 15 miles an hour, and they should find that the grade and the level of the road were as described by him, how far, according to the laws of moving bodies, would a train go by its own momentum ?" The fireman and superintendent had testified that they had ascertained by actual experiment that it required little steam to carry the engine along the level track to the landing after passing the highest point of the up-grade. H. A. Page, an engineer had testified that since the last trial of this case he had come over the top of the grade beyond Hicks' landing (where according to plaintiff's theory the fire was started by sparks emitted from the engine) at a speed of 15 miles per hour, and had run from there to West End without more power than the momentum of the train. The question whether any or how much steam was used to propel the engine with the train over the level track after passing the highest point of the grade,

had become material because of the greater tendency to emit sparks from the engine when the power is increased. "The preliminary question whether a witness, offered as an expert, has the necessary qualification, is for the courts and is largely discretionary with them" (1 Greenleaf E., Sec. 440, Note B) and "where there is any evidence of it, the finding like that of the jury is not reviewable in this Court. *State* v. *Davis*, and other intermediate cases down to *Smith* v. *Kron*, 96 N. C., 392." *State* v. *Hinson*, 103 N. C., 374. But it is contended for the plaintiff that this was not a ruling that there was sufficient evidence, but in effect an opinion that certain facts admitted do not qualify the witness, and therefore raises a question of law which is reviewable. The plaintiff insists that every one of the six cases cited to support the ruling of the court in *Smith* v. *Kron*, *supra*, (*State* v. *Davis*, *supra*; *State* v. *Andrews*, Phillips, 205; *State* v. *Vann*, 82 N. C., 631; *State* v. *Sanders*, 84 N. C., 728; *State* v. *Effler*, 85 N. C., 585; *State* v· *Burgwyn*, 87 N. C., 572) involved the admissibility of confessions, and that the rule as substantially stated in all was the same, it being held in every instance that the question whether a prisoner was influenced by hope or fear was one of fact where there was any evidence to sustain the Judge's finding, but that it was the province of the court to decide, when such questions were raised, whether there was any evidence at all or whether the facts found would warrant the admission of the testimony offered.

Conceding the fact that the substance of these rulings is as contended, and giving the plaintiff the full benefit of the deduction he seeks to draw from them, the principle relied upon has no application to the case at bar. The Judge stated the testimony of the witness in full doubtless, but set forth in detail no formal statement of the facts found by him. The court upon the testimony held that

the witness had not qualified himself as an expert, and in the absence of any statement to the contrary we must assume that this was his conclusion of fact. Whether he did not believe the witness at all or whether he thought the witness was mistaken when he expressed the opinion that he could calculate with mathematical certainty how far a train, which he had heard described by witnesses, would move by the force of the momentum acquired at a speed of 15 miles per hour over a level surface, of which he had acquired a knowledge by observation and not by running or seeing a train run over it, and without regard to the condition of the track, it is not material that we should inquire. Courts are at liberty to instruct jurors that, while the opinions of learned experts upon questions, as to which they have had opportunity to learn by observation, study and experience, are not conclusive, they are entitled to peculiar weight. *State* v. *Owen*, 72 N. C., 605; *Flynt* v. *Bodenhamer*, 80 N. C., 205. The court must determine the preliminary fact whether a witness has shown that he is what it is claimed he is, and that involves the decision of the other question whether "the witness has had the necessary experience to enable him to testify as an expert." *Flynt* v. *Bodenhamer*, *supra*, at page 207; *State* v. *Slagle*, 83 N. C., 630; *Leak* v. *Covington*, 99 N. C., 559. There was direct testimony here that other men had been making actual tests of the very question which the witness, without practical experience, proposed to solve so as to contradict them. The Judge was acting within the limit of his peculiar province in passing upon the fact whether all of the testimony satisfied him that the witness had the necessary experience to give any peculiar value to his opinions, and to show that the question was indeed one as to which such evidence was admissible, or whether from the data he could make the proposed calcu-

lation for the purpose of contradicting the engineers. *State* v. *Boyle*, 104 N. C., 800.   This Court cannot review his findings and therefore need not express an opinion upon the question whether, treating the testimony as a finding of fact, the witness was qualified to speak as an expert.   The Judge did not find the fact in detail and there is no requirement of law that he should have done so.   His decision upon the question of fact is therefore final. *Hammond* v. *Schiff*, 100 N. C., 161; *State* v. *Brady*, 107 N. C., 822; Rogers Ex. Tes., p. 533, 211.

The right-of-way of railway companies is by judgment of condemnation made subject to occupation where and only where the corporation finds it necessary to take actual possession in furtherance of the ends for which the company was created.   The damages are not assessed upon the idea of a proposed actual dominion, occupation and perception of the profits of the whole right-of-way by the corporation, but the calculation is based upon the principle that possession and exclusive control will be asserted only over so much of the condemned territory as may be necessary for corporate purposes, such as additional tracks, ditches, and houses to be used for stations and section hands.   Unless the land is needed for some such use, the occupation and cultivation by the owner of the servient tenement will be disturbed only when it becomes necessary for the company to enter in order to remove something which endangers the safety of its passengers, or which might, if undisturbed, subject the owner to liability for injury to adjacent lands or property.   *Ward* v. *Railroad*, 113 N. C., 566, and same case, 109 N. C., 358.   The defendant company was liable if grass or other inflammable material, negligently left upon its right of way, was ignited by sparks from its engine, for any damage to adjacent land-owners

caused by the spreading of the fire. 8 Am. & Eng. Enc., p. 14; *Black* v. *Railroad*, 115 N. C., 667. The court instructed the jury that it was the defendant's duty to keep its track and its road-bed clear of substances liable to ignite by sparks or fire from its engine, as far as might be necessary to prevent such inflammable material from being ignited by them, even to the full width of the right-of-way. The court, in the absence of any proof of title, told the jury the liability extended over the full width of the right-of-way, over which the witness testified that defendant company had asserted control. We find in this no just ground for complaint on the part of the plaintiff.

The jury were instructed in the first paragraph of the charge that it was the duty of defendant company to have its road properly equipped with modern appliances *sufficient to guard against the escape of fire*, and to have the engine carefully operated by skillful and competent men. From a subsequent section of the instruction it appears that the court also told the jury that if they *"were satisfied* that the engine had modern appliances to guard against fire and that the same was manned by competent men and was carefully and skillfully operated at the time, in that event there would be no negligence in respect to the engine; and in such case, if fire originated from a spark from the engine and commenced beyond the right of way, the issue should be answered no." Construing these detached portions of the charge together, they were sufficient to enable the jury to understand what the duty of the defendant was, and that they must be *" satisfied "* that the duty had been performed before they could, by their response to the issue, acquit the defendant of carelessness. We think the charge placed the burden of satisfying the jury upon the defendant, and applied the rule to the evidence as specifically as was necessary.

We understand that counsel finally abandoned the objection to the instruction as to the character of appliances, but, however that may be, we think that when the Judge told the jury it was the duty of the defendant to furnish appliances which were sufficient to guard against the escape of fire, it was not material to the plaintiff whether they were approved by a majority or minority of people or railway managers. If it was the duty of the defendant to provide such as were sufficient for the purpose, it was not material when or on what pattern they were constructed, so that they afforded the desired protection. The defendant is not appealing and there is no just ground of objection on the part of the plaintiff.

We do not deem it our duty to discuss in detail the 42 exceptions which appear in the record, nor some of the number which seem to be relied on by some of the counsel and not by others, where they appear to have no merit in them. There was no error and the judgment is affirmed.

Affirmed.