The complaint alleges that "the defendant negligently allowed and permitted inflammable material to be and remain on its right of way, and the same so remaining on its said right of way on the night of 4 February, 1901, said inflammable material was (76) set on fire by sparks falling from one of its engines passing over its said right of way, or otherwise, between the hour of 10 o'clock p. m. and the hour of 4 o'clock a. m. of the said night preceding 5 February, 1901, and the said fire so started, spread to the property of the said Hearne Bros. Co. and the same was burned and destroyed to the value of $750, which the plaintiff had to pay under its insurance policy as aforesaid, to their great damage, to wit, the sum of $742.50 aforesaid."
The judge sets out in the judgment the following findings of fact: "It being admitted by the defendant that the facts alleged in the complaint are true, reserving the question of liability arising upon these facts to be here after determined, except the negligent burning, and it being further agreed that his Honor should submit to the jury the following issues: First, did the defendant negligently set fire to and burn the property described in the complaint, as alleged therein; second, *Page 56 
if so, what damage has the plaintiff sustained thereby? and it being further agreed that, upon the jury finding the first issue yes, his Honor should answer the second issue, $742.50, with interest from 5 March, 1901, until paid, and the jury having found the first issue "yes," judgment was accordingly entered in favor of the plaintiff for said amount. It was in evidence that the defendant allowed cotton bales three rows deep, standing on end, to remain several weeks on its open platform close to the track, said cotton being "in bad condition, heads off, bagging off, naked lint standing right up on five or six or probably ten bales of it, twenty-three bales in lot on that end, three bales deep in rows; cotton in ten feet of west edge of platform," the defendant's train passed about 20 minutes before the alarm of fire; wind blowing from northwest, trains passed on west side of warehouse, the cotton on platform caught, then warehouse, whence flames were communicated (77 to Hearne Bros. Co.'s property fifty feet west of the defendant's warehouse. The jury found that the fire was caused by the negligence of the defendant, as alleged in the complaint, as above set forth. This was a question of fact, and on examining the instructions given and refused, we find no error of which the defendant could complain.
The 13th instruction requested by the defendant contained the following admission: "If you believe the evidence, the firing of the cotton led to the burning of Hearne's property; if the cotton had not been on the platform, the fire would not have occurred. So the question arises, was the defendant negligent because the cotton was there in the condition it was in?" There being no objection to the evidence, but only to the charge, this practically narrows the controversy down to the question, If the fire was caused by sparks from the engine, or cinders, creating a flame which reached the cotton in this exposed or dilapidated condition, was the defendant liable therefor? On this point we think the judge charged correctly, to wit, "If the defendant company permitted baled cotton to remain on its platform, no matter to whom it belonged and no matter whether put there for shipment or not, until the bagging came off and the lint bulged out so as to be easily ignited, and a spark from its passing engine caught such cotton and set it on fire, and the fire finally communicated to the factory and the factory burned, then the company was negligent, and you will answer the issue `Yes'."
The court gave the defendant's prayers for instructions, 2, 5, 6, 9, 12, 15, which were carefully drawn, and fully protected its rights; also prayers 7 and 8 were given, with slight modifications properly inserted, and the other prayers were properly refused, in form as asked, except as given in the charge. *Page 57 
The rejected prayers were requests to charge substantially that the defendant was not liable if the fire was caused by sparks or otherwise from its engine, communicating flame through the (78) medium of cotton on the defendant's platform in the bad condition stated, and were properly refused. Black v. R. R.,115 N.C. 667; Blue v. R. R., 117 N.C. 644; Moore v. R. R., 124 N.C. 338.
Prayer No. 3, given at the request of the plaintiff, was: "If you find that the defendant permitted cotton to remain on its platform near its railroad track, with the bagging off, the upper end of the bales with lint bulged out and exposed to fire from its engines passing over its said road, as described by the witnesses, this was negligence; and if you are further satisfied that the cotton caught fire from sparks from one of defendant's engines, and Hearne's factory was thereby burned as the direct result of such cotton catching on fire, then I charge you to answer the first issue Yes"; and prayer 15, given at request of defendant, was: "The court instructs the jury that the burden is on the plaintiff to prove affirmatively that the fire was set by sparks from the defendant's engine. They are not at liberty to guess as to the origin. To justify a finding that the fire did start from the engine, the facts must be such as to support this theory; that is to say, if from the evidence it appears that the fire may have started in some other way than from the engine, the jury is not justified in assuming that the engine set the fire, but the jury must be satisfied by the greater weight of the evidence that the fire originated from a spark from the passing engine."
The court in its charge further instructed the jury, among other things: "The burden of proof is on plaintiff to show by the greater weight of the evidence that a spark from the engine set fire to the cotton, and that as a natural result the house was burned, and that the company could have foreseen that the cotton in the condition it was in was likely to catch fire from passing trains. If it so appears, the company was negligent, and you will answer `Yes'; (79) otherwise, you will answer `No.' Proximate cause is the direct cause which produces a result without any other cause supervening and bringing about the result. The defendant admits the insurance, and the burning, and the payment by the plaintiff to Hearne; but says it was in no way responsible for the fire, and that the fire was not the result of any act of negligence on the part of the defendant or its agents, and for that reason they are not responsible. The special negligence complained of by the plaintiff is alleged that the company permitted baled cotton, highly inflammable, to remain for some weeks on its platform near the passing trains; that the cotton had got in bad condition, bagging off the ends and the lint cotton bulged out and *Page 58 
standing up so as to be easily fired; that this was left so, and that the trains were constantly passing; that on the night in question a train passed near the spot; that in some minutes fire broke out; that it was discovered in this cotton; that it communicated to the warehouse and thence to the Hearne factory; and as indicating that the engine set it on fire, it is contended that the wind was blowing from the engine over the cotton and onto the factory from a northwest direction, and that the sparks from the engine set it on fire and was carried by the wind to this factory. The defendant denies that the fire occurred in that way."
The court thereupon gave very fully the defendant's contentions, and added: "It is the duty of a railroad company to keep its right of way free from such inflammable material as is likely to catch fire from the running of its trains, and communicate it to adjacent property. If defendant permitted baled lint cotton to remain on its platform, no matter to whom it belonged, and no matter whether put there for shipment or not, until the bagging came off the end and the lint bulged out so as to be easily ignited, and a spark from its passing engine caught such cotton and set it on fire, and the fire finally (80) communicated to the factory and the factory was burned, then the company was negligent, and you will answer the issue `Yes'; but no matter how negligent the company may have been in having cotton on its right of way, and no matter what condition that cotton was in, if the spark that caused the fire did not come from defendant's engine, there can be no recovery, and you will answer the issue `No'; if some one in passing dropped a cigar there, and that caused the fire, there can be no recovery. If the sparks came from the factory smokestack, then there can be no recovery. In no event is the company liable unless a spark from its engine set the cotton on fire."
We think the sole issue of fact was intelligently and correctly submitted to the jury by his Honor.
It was further contended that the plaintiff could not recover, but that Hearne Bros. Co. were the proper parties plaintiff. It will be seen by the averments in the complaint and the admissions in the answer that they have no interest in this action, and that the plaintiff is the sole party in interest for the recovery of the $742.50 sued for, and, therefore, under our Code system, the only party authorized to bring this action. It is insisted, however, that section 177 of The Code expressly provides that "Every action must be prosecuted in the name of the real party in interest, but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract." If this exception applied to a case of this kind, it has been *Page 59 
repealed so far as actions of this nature are concerned, by the following provision in section 44, chapter 54, Laws 1899 (at p. 168), that if the insurance "company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall on payment of the loss be subrogated to theextent of such payment to all right of recovery by the insured for the loss resulting therefrom"; and it is further provided (81) that the insured shall make an assignment to the company on receiving such payment. Whether the insured here made an actual assignment or not is immaterial, as the subrogation was complete upon the payment, and the sole right of recovery thereupon passed to the company. The actual assignment would only be evidence of the fact. This statute repeals any nonassignability which may have been imposed by the exception in section 177 of The Code, and this cause of action comes under the general provision that all actions "must be prosecuted in the name of the real party in interest."
After careful examination of the exceptions we find
No error.
Cited: Craft v. Timber Co., post, 154; Simpson v. Lumber Co.,133 N.C. 101; Cunningham v. R. R., 139 N.C. 434; Bowers v. R. R.,144 N.C. 688; Fidelity Co. v. Grocery Co., 147 N.C. 513; Kemp v. R. R.,169 N.C. 733; Powell v. Water Co., 171 N.C. 297;Cashwell v. Bottling Works, 174 N.C. 327; Matthis v. Johnson, 180 N.C. 133.