### FRANK HANFORD v. SOUTHERN RAILWAY COMPANY.

(Filed 18 November, 1914.).

1. **Railroads—Injury to Live Stock—Negligence—Opinion Evidence—Trials—Questions for Jury.**

    Where the evidence is conflicting as to whether or not the engineer on defendant's train could have stopped his train in time to have prevented an injury to plaintiff's horse, which had become frightened and had run some distance down and near the defendant's track in the same direction the train was going, before attempting to cross the track, where the engine struck him, it is competent for an engineer who had been long in the defendant's service and knew the condition existing as to grade, etc., at the place of the injury, to testify that from his knowledge of the locality, experience and observation, the train could have been stopped in time to have avoided it; and the evidence presenting questions of fact, a judgment of nonsuit was properly denied.

2. **Railroads—Injury to Live Stock—Statutory Presumptions.**

    The statutory presumption of negligence of a railroad company in killing live stock, when the action is brought within six months, applies whether a horse, the subject of the action, was hitched to a buggy at the time or running at large. Revisal, sec. 2645.

3. **Railroads—Injury to Live Stock—Ordinary Noises—Frightening Horses—Trials—Negligence.**

    The principle that railroad companies are not liable in damages occurring to travelers along the road in consequence of their teams taking fright at the noises ordinarily made by the operating of its trains does not apply to cases wherein the company, by the exercise of reasonable diligence, could have prevented the injury after the horse had become fright-

ened and, running along the track for some distance, had attempted to cross in front of the train. *Barnes v. Public-service Corporation*, 163 N. C., 365, cited and distinguished.

**4. Railroads—Injury to Live Stock—Issues—Last Clear Chance.**

The evidence in this case being conflicting as to whether or not by the exercise of reasonable care the engineer on the defendant's train could have avoided killing the plaintiff's horse which attempted to cross the track in front of the train, it was proper to submit a third issue, as to whether the defendant could have avoided the injury by the exercise of ordinary care, in addition to the issues of negligence and contributory negligence.

APPEAL by defendant from *Lyon, J.,* May Term, 1914, of ALAMANCE.

*W. H. Carroll for plaintiff.*
*E. S. Parker, Jr., for defendant.*

CLARK, C. J. This is an action to recover damages for the alleged negligent killing of a horse and destruction of buggy and harness belonging to plaintiff.

Exceptions 1, 2, and 4 were for permitting the witness Capt. J. C. Walton, who testified that he had been long in the service of the defendant company and for many years conductor and knew the grade at the point where the accident occurred, to express his opinion that the train could have been stopped or slackened up at that point, it being an up grade, in a very short distance.

The uncontradicted evidence was that the horse was hitched in front of the house, when, becoming frightened, he broke loose and ran with the buggy attached down the road nearly parallel to the railroad track and tried to cross just in front of the engine. There was evidence tending to show that he was struck just before he cleared the track, and evidence of the defendant tending to show that he ran into the engine. There was evidence on the part of the plaintiff that there was no attempt made to slacken speed, though the engineer could have thereby prevented the injury. There was evidence for the defendant that there was an attempt to slacken speed, and that the collision was unavoidable. This presented a question of fact for the jury, and the nonsuit was properly denied. Nor was there any error in admitting the testimony of Captain Walton. Indeed, we have many cases that any one is competent to give his opinion as to the distance in which a train can be stopped. *Blue v. R. R.,* 117 N. C., 644; *Davis v. R. R.,* 136 N. C., 117. The jury can form their own opinion as a matter of common knowledge. *Davis v. R. R., supra; Wright v. R. R.,* 127 N. C., 227; *Lloyd v. R. R.,* 118 N. C., 1013; *Deans v. R. R.,* 107 N. C., 693; *Draper v. R. R.,* 161 N. C., 314. In fact, Captain Walton spoke from his own knowledge of the grade, and from his experience as a railroad employee.

The defendant contends that the presumption of negligence in killing live stock, when the action is brought within six months, does not apply where the facts were known. But such is not the case. Nor is the presumption rebutted from the fact that the horse was attached to the buggy. The statute (Rev., 2645) contains no such exception. This matter was fully discussed and decided in *Randall v. R. R.,* 104 N. C., 410, and was again fully discussed and reaffirmed on the rehearing of the same case, 107 N. C., 748, in which it was held that "The presumption arises from the fact of killing, whether the animal was hitched to a wagon or cart as well as where it is running at large."

The defendant also relied upon *Barnes v. Public-service Corp.,* 163 N. C., 365, which held that the railroad company is not responsible for damages occurring to travelers along the road in consequence of their teams taking fright at the noises ordinarily made by the operation of such trains. That case would be in point if this action was for frightening the animal, whereby he ran away and was injured by running into danger. But it has no application here, where the charge is not that the noise of the train frightened the animal and caused him to run, but because, as the jury have found, he was injured by collision with the train, which could have been prevented by the train slackening its speed.

In *Hines v. R. R.,* 156 N. C., 226, *Allen, J.,* citing the opinion of *Hoke, J.,* in *Snipes v. Mfg. Co.,* 152 N. C., 46, says: "The right of the plaintiff to maintain his action must be determined by the conduct of the parties after the time the horse began to kick, and if the evidence presents a phase upon which the jury could find that the engineer, by keeping a lookout, could by the exercise of ordinary care have seen that a collision was imminent, in time to stop his train and avoid it, the plaintiff could recover, notwithstanding the failure of the driver to look and listen at the crossing." This is almost in the exact language of *Brinkley v. R. R.,* 126 N. C., 91, which has been repeatedly cited since. See citations in Anno. Ed.

The defendant also excepted to the submission of the third issue: "Notwithstanding plaintiff's negligence, could the defendant company, by the exercise of ordinary care, have prevented the injury sustained by the plaintiff?" This third issue was recommended, *Denmark v. R. R.,* 107 N. C., 189, and in many cases since. See Anno. Ed. The two other exceptions were addressed to the charge upon this issue. There was in this, as in other respects,

No error.