D. L. HOPKINS, ADMINISTRATOR, v. SOUTHERN RAILWAY COMPANY.

(Filed·22 December, 1915.)

### 1. Railroads—Negligence—Last Clear Chance—Evidence.

Where the plaintiff's intestate has been killed on the defendant railroad company's trestle by its passing train, and in an action for damages the issue of the last clear chance arises, as to whether the engineer of the defendant, by keeping a proper lookout, could have avoided the injury notwithstanding the intestate's contributory negligence in having placed himself upon the trestle, it is competent for witnesses to testify, from their own knowledge and experience, as to the distance the engineer could have seen the intestate if he had been keeping a proper lookout;· and, by those experienced in such matters and familiar with the roadway at the place, the distance within which the train could have been stopped at the place, according to its speed, length and weight.

### 2. Evidence—Nonsuit.

The evidence is considered in the light most favorable to the plaintiff upon defendant's motion to nonsuit thereon.

### 3. Railroads—Negligence—Last Clear Chance—Proximate Cause—"Lookout."

In an action to recover damages for the negligent killing of plaintiff's intestate the fact that the intestate negligently went upon the trestle and was there killed by defendant's passing train will not absolve the company from its duty to keep a proper lookout ahead and use proper efforts to stop the train in time to avoid the killing; and if the defendant fails in this duty, and this causes the death, the negligence of the defendant therein is the proximate cause, and fixes its liability. *Bogan v. R. R.,* 129 N. C., 156.

### 4. Negligence—Evidence—Proximate Cause—Trials—Questions for Jury.

Proximate cause of an injury will not be determined as a matter of law when more than one inference can be drawn from the evidence; for then it is a question of fact for the determination of the jury.

**5. Appeal and Error—Verdict—Instructions—Harmless Error.**

The verdict of the jury on an issue in appellant's favor cures an error in the court, if any committed, in refusing to give a requested instruction on that issue.

**6. Railroads—Trespasser—Permissive Use.**

Where a trestle of a railroad company has been used as a passway for a great many years a person injured thereon by a passing train is not regarded as a trespasser, and the company is required to keep a sharp lookout at the place and give timely warning to prevent a collision.

APPEAL by defendants from *Cline, J.,* at May Term, 1915, of HAY-WOOD.

*W. J. Hannah and Alley & Leatherwood* for *plaintiff.*
*Martin, Rollins & Wright* for *defendant.*

CLARK, C. J. This was an action to recover damages for the negligent killing of the plaintiff's intestate, David Hopkins, who was killed on the trestle east of Waynesville on 4 July, 1914, by defendant's train going east. There was evidence that the trestle was 10 or 12 feet above the water; that David Hopkins could not swim and was endeavoring to get off the trestle when he was struck and killed.

Defendant's exceptions 1, 2, 3, 5, and 6 were to the admission of evidence for the plaintiff as to the distance from which, on the west side of the trestle, the employees of defendant operating said train could have seen plaintiff's intestate on the trestle if they had been keeping a proper lookout. This evidence was competent. *Tyson v. R. R.,* 167 N. C., 216; *Gray v. R. R., ib.,* 435; *Draper v. R. R.,* 161 N. C., 311. The witnesses spoke from their own knowledge of the situation of the trestle and track and surroundings at the spot where plaintiff's intestate was killed; and two of them had been in the employ of the defendant for many years on its trains passing this place daily.

Defendant's exceptions 4, 7, and 8 are to the admission by the court of evidence as to the distance within which the train could have been stopped after the plaintiff's intestate was seen, or, with the proper lookout, should have been seen on the trestle. Two of these witnesses had been for many years firemen on the defendant's road, passing over this trestle and familiar with the curve and conditions, and one of them had experience in running an engine. Another had been for five years a locomotive engineer and was familiar with the track at the trestle. The testimony was clearly competent, and, besides, the jury could have formed their own opinion on these points as a matter of common knowledge after a description of the location and surroundings by witnesses. *Hanford v. R. R.,* 167 N. C., 277; *Draper v. R. R.,* 161 N. C., 313; *Davis v. R. R.,* 136 N. C., 117; *Blue v. R. R.,* 117 N. C., 644. There was also evidence as to the speed of the train, its length and weight,

and the condition of the track, all of which were competent as aids to the jury in arriving at the truth. *Draper v. R. R.,* 161 N. C., 312.

Exceptions 9 and 10 are to the refusal of nonsuit, which need not be discussed, for it is elementary that on such motion the evidence must be considered in the light most favorable to the plaintiff. *Gray v. R. R.,* 167 N. C., 435; *Hodges v. Wilson,* 165 N. C., 323; *Walters v. Lumber Co., ib.,* 388.

The real point in the case is as to the last clear chance, for the jury found the defendant guilty of negligence and the plaintiff's intestate guilty of contributory negligence. It is well settled that notwithstanding the plaintiff's intestate was negligent by being on the trestle, yet if the engineer by proper watchfulness could have discovered that he was in peril, he should use all reasonable precautions consistent with the safety of his train to avert the injury; and if he failed to do so the defendant is liable.

Though the original wrong or omission was that of the plaintiff, the injury should be imputed to the last wrong as the proximate cause, and not to that which is more remote. *Clark v. R. R.,* 109 N. C., 430. In *Arrowood v. R. R.,* 126 N. C., 631, where the plaintiff's intestate lay down on the track, and the engineer was hindered in keeping a proper lookout by reason of the winding track, the Court held that this was no excuse, because, if the engineer could not see the track by reason of the curve, the fireman should have aided in keeping a lookout; and if these two were not sufficient to maintain a careful lookout, then the defendant should have had a third man. The Court said, in that case, which has been cited many times since: "Notwithstanding a human being is down and helpless on the track, and is there in his own wrong, the railroad company acquires no right to run over and kill him for his foolhardiness, if by ordinary care it can be avoided. Even a cow or a hog does not forfeit its life under such circumstances, if the company's servants can by ordinary care avoid killing. If on this occasion, by reasonable, ordinary care, in keeping a lookout on both sides of a winding mountain road, whose curves would sometimes obscure the track from the sight of the engineer on the right-hand side of the engine, and did so obscure it at the point where the deceased was killed, and such defective lookout caused the killing, which might otherwise have been prevented, then, notwithstanding the negligence of the deceased, the defective lookout kept by the defendant was the proximate cause of the death."

In *Arrowood's case* the Court also said: "The railroad track is for the exclusive use of the company. It pays for its construction, and has, by virtue of a grant of the State's right of eminent domain, power to condemn from private owners the right of way 'for public uses,' but that use is to be exclusive in itself, subject, of course, to public regulation and control in its use. Others have no right to use the track, and

when they do so they are guilty of contributory negligence, unless they have permission, express or implied, from the company. The discussion whether the intestate was a licensee or a trespasser has no bearing upon this appeal by the defendant, for the jury found on the second issue that the intestate, whether he was a licensee or trespasser, was wrongfully on the track, *i. e.,* that he was guilty of contributory negligence."

In the leading case on this subject in North Carolina, *Pickett v. R. R.,* 117 N. C., 637, it was held to be the duty of an engineer to maintain a reasonably careful lookout along the track, and if by reason of his failure to do so an injury to a person on the track could have been averted notwithstanding the previous negligence of such person, then the negligence of the engineer is the proximate cause, and the company is liable.

It is equally well settled that when more than one inference can be drawn as to the negligence or proximate cause the case must be submitted to the jury. *Norris v. Mills,* 154 N. C., 483; *Holton v. Lumber Co.,* 152 N. C., 69.

There was evidence that the plaintiff's intestate could have been seen by the engineer, with reasonable diligence, for 150 yards, and that the train could have been stopped within that distance.

The defendant asked the court to charge: "If the boy, David Hopkins, saw the train approaching, and if he had time to get off the trestle, or could have done so in the exercise of ordinary care for his safety, but failed so to do, and was killed by reason of such failure on his part, then the jury will answer the third issue 'No.'" It is stated that this request was refused. But in the body of the charge the court instructed the jury: "These defendants have asked the court to charge, and it does charge, that if the jury find from the testimony that the plaintiff's intestate, David Hopkins, learned of the approach of the train which struck him when the train was 75 feet or more away, and that then, if he had exercised ordinary care to escape injury, he could have done so, the jury will answer the third issue 'No.'" This seems to be more favorable to the defendant than the prayer.

The court added, immediately after the above, the following: "Again, if after the boy, David Hopkins, saw the train approaching he had time to get off the trestle, and could have done so in the ordinary exercise of care for his safety, but failed to do so, and was killed by reason of such failure on his part, then the jury will answer the third issue 'No.' That is their contention." We understand that the last four words mean that the court was giving this instruction in accordance with the defendant's contention. This instruction differs from the prayer above stated as refused in the insertion of the word "if." When the court gives substantially or more correctly a charge which is asked and refused, there is no error. But even if we are mistaken as to this being

given, it was not applicable to the third issue, but to the second issue, which the jury found in favor of defendants anyway.

Taking the entire charge of the court, it seems that the court assumed that the plaintiff's intestate was a trespasser. But there is uncontradicted evidence that this trestle had been used as a passway for a great many years, and if so, it was the duty of the defendant to keep a sharp lookout and give timely warning to prevent a collision.

In *Bogan v. R. R.*, 129 N. C., 156, the Court approved the following charge as in accordance with the unbroken line of authorities there cited and which have been followed since: "If the jury found from the evidence that the defendant's servants in charge of the engine either discovered or by exercising ordinary care might have discovered that the plaintiff was walking upon the trestle, and was so situated that she could not, without peril, owing to her position on the trestle and the length and height of the trestle, get off in time to escape the train, moving as it was, and that the defendant's servants in charge of the engine could, by the exercise of ordinary care, have stopped the train and avoided the accident after seeing the plaintiff in a place of peril on the trestle, or after they should have seen her and failed to do so, and the plaintiff was injured thereby, they should answer the first issue 'Yes.' "

It is not very material, as was said in *Arrowood's case*, whether the deceased was a trespasser or a licensee. The jury found the third issue as follows: "Notwithstanding such negligence on the part of plaintiff's intestate, could the defendants by the exercise of due care and prudence have prevented the killing?" Answer: "Yes."

After full consideration of the whole case and the exceptions, we find No error.