This is an action under The Code, sec. 1498, by the plaintiff, as administrator of his infant son, two and a half years old, who having wandered off without the knowledge of his parents was injured on the track of the defendant by its train so that the child died, and the plaintiff alleges this was by the negligence of the defendant.
The defendant, among other exceptions, excepted to a refusal to nonsuit at the close of the evidence, and asks us to overrule Russell v. SteamboatCo., 126 N.C. 961, in which it was held that "an action may be maintained by the administrator under The Code, sec. 1498, for the death, by the wrongful act of another, of an infant of a few months old." That decision is fully sustained by the reasoning and authorities there set out and meets our renewed approval.
The objection to the admission of photographs of the child just before its injury and also thereafter, but before its death, can not be sustained. Photographs frequently convey information *Page 85 
to the jury and the Court with an accuracy not permissible to spoken words, if their admission is properly guarded by inquiry as to the time and manner when taken. The admission of this species of evidence was, it is true, somewhat questioned (by a divided Court) when presented in this Court for the first time. Hampton v. R. R., 120 N.C. 534, 35 L.R.A., 808. But they have since become a well-recognized means of evidence, and are not infrequently used on trials below and are sometimes sent up in the record on appeal, especially in actions for personal injuries. (117)
Nor can we sustain the exception as to evidence of the distance within which the train could be stopped. Blue v. R. R.,117 N.C. 644. Indeed, the jury can take notice thereof as a matter of common knowledge and observation without evidence. Wright v. R. R., 127 N.C. 227, citing with approval Lloyd v. R. R., 118 N.C. 1013, 54 Am. St., 764;Deans v. R. R., 107 N.C. 693, 22 Am. St., 902.
The real point in the case is in the refusal of the Court to submit the issue of contributory negligence upon the ground that negligence would not be imputed to the infant. This is true in an action in behalf of an infant.Bottoms v. R. R., 114 N.C. 699, 41 Am. St., 799, 25 L.R.A., 784, approved in Smith v. R. R., 114 N.C. 749, 25 L.R.A., 287; Duvallv. R. R., 134 N.C. 349. A different rule was laid down in Hartsfieldv. Roper, 21 Wend., 615, 34 Am. Dec., 273, known as the New York rule, but that ruling has been severely criticised and has been more denied than followed in other States. One of the most pungent criticisms is to be found in Newman v. R. R., 52 N.J. L., 446, 8 L.R.A., 842. What is known as the English rule was laid down in Waite v. R. R., 1 E. B. E., 719, and denies a recovery only in cases where the parent or custodian is present and controlling the infant and negligently contributed to the injury. This is followed in this country by the Massachusetts courts alone. The doctrine generally sustained is that of Robinson v. Cone, 22 Vt. 213, 54 Am. Dec., 67, known as the Vermont rule, and is followed by us in Bottoms v. R.R., supra, and which we deem still the proper rule. This latter rule has the weight of authority in judicial decisions, and standard law writers. That eminent text writer, Mr. Bishop (Non-Contract Law, sec. 482), criticising the New York rule, says: "This new doctrine of imputed negligence, whereby the minor loses his suit, (118) not only where he is negligent himself, but where his grandfather, grandmother or mother's maid is negligent, is as flatly in conflict with the established system of the common law *Page 86 
as anything possible to be suggested. The law never took away a child's property because his father was poor or thriftless or a scoundrel, or because anybody who could be made to respond to a suit for damages was a negligent custodian of it." The subject is also discussed in Wharton Neg., sec. 314; Beach Cont. Neg., secs. 38-48, 127-130. Mr. Beach says that the New York doctrine "is an anomaly and in striking contrast with the case of a donkey exposed in the highway and negligently run down and injured (Davies v. Mann), or with oysters in the bed of a river injured by the negligent operation of the vessel, in both of which cases actions have been maintained," and he adds: "If the child were an ass or an oyster he would secure a protection denied him as a human being. He is not the chattel of his father, but has a right of action for his own benefit when the recovery is solely for his use." See also, Ward v. Odell, 126 N.C. bottom of p. 948.
Shearman Redfield Neg., sec. 78, also holds that the Vermont rule "is the true rule and is abundantly justified by the reasoning of the Courts which in more than twenty States have adopted it," among them Alabama, Arkansas, Connecticut Georgia, Illinois, Iowa, Louisiana, Michigan, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, North Carolina Ohio, Pennsylvania, Tennessee, Texas, Utah, Virginia, Vermont, the decisions of whose courts are cited. Also, 1 Fetter Carriers, sec. 199, p. 532. These authorities hold that "although a child or idiot or lunatic may have escaped into the highway through the fault or negligence of its keeper, and so be improperly there, yet if he is hurt by the negligence (119) of the defendant he is not barred of recovery. A greater degree of watchfulness is imposed on the other party, and what would be ordinary neglect in regard to one supposed to be of full age and capacity would be gross negligence as to a child or one known to be incapable of escaping danger. The child, so far as he is personally concerned, is held only to such degree of care as should be expected of a child of his age."
When, however, the parents are authorized, as in some States, to bring an action, their contributory negligence can then be pleaded. S. R. Neg., sec. 71; Williams v. R. R., 60 Tex. 205; Westerberg v. R. R., 142 Pa. St., 471, 24 Am. St., 510, provided the parent be actually in fault. Ibid., sec. 72. The same rule applies where the parent is suing as administrator but is also the beneficial plaintiff or the cestuique trust of the action as distributee of the child's estate. 3 Thompson Neg., sec. 3077; Beach Contributory Neg., sec. 44; Tiffany Death by Wrongful Act, sec. 69; Smith v. R. R., 92 Pa., 450, 37 *Page 87 
Am.Rep., 705; Reilly v. R. R., 94 Mo., 600; R. R. v. Freeman,36 Ark. 41; Bamberger v. R. R., 95 Tenn. 30, 28 L.R.A., 486, 49 Am. St., 909. In R. R. v. Wilcox, 138 Ill. 370, 21 L.R.A., 76, the whole subject is admirably discussed with a full review of the authorities, and the conclusion is reached that while the negligence of parents or othersin loco parentis, cannot be imputed to a child to support the plea of contributory negligence, when the action is for his benefit, yet when the action is by the parent, or the parent is the real beneficiary of the action, as distributee of the deceased child, the contributory negligence of the parent can be shown in evidence in bar of the action. This we think the correct doctrine, though it is held otherwise in R. R. v.Groseclose, 88 Va. 267, 29 Am. St., 718, and Wymore v.Mahaska, 78 Iowa 396, 6 L.R.A., 545, 16 Am. St., 449, (120) which sustain on entirely technical grounds that the contributory negligence of the parents is not a defense though they are the beneficiaries of the action brought by the administrator. The underlying principle in our view is that no one shall profit by his own wrong, and if the father's negligence, and not that of the railroad company, was the proximate cause of the death (under the doctrine of the "last clear chance"), it would be obviously wrong to permit him to put money into his pocket for damages proximately caused by his own negligence, because sued for through an administrator (whether himself or another), yet for his benefit. In such cases the contributory negligence of the father is a defense just as in actions brought by the father for loss of services. 1 Fetter Carriers, sec. 199, pp. 534, 535; Beach, supra, sec. 131; Tiffany,supra, sec. 69; Wolf v. R. R., 55 Ohio St. 530, 36 L.R.A., 812.
Under our Code, sec. 1478, where there is no widow, nor child nor representative of a child, the estate of an intestate "shall be distributed equally to every next of kin who are in equal degree." The father and mother are of course "next of kin in equal degree." Under our former system under which the personalty of the wife became the property of the husband upon its receipt, of course the husband was sole distributee of an infant child dying unmarried and without children. The Constitution, Art. X, sec. 6, now provides that "All property, real and personal, to which she (a married woman) may, after marriage, become in any manner entitled, shall be and remain the sole and separate property of such female." This seems reasonably clear, and it may well be that the wife, jointly with the husband, is the beneficiary of the action brought by the administrator of an infant child in cases like this. We refrain from passing upon the point because it is not raised in this *Page 88 
record, but it may become pertinent in another trial. Interesting questions may arise where one parent is guilty of (121) contributory negligence and the other is not. This point is presented in Wolfe v. R. R., 55 Ohio St. 517, at page 536, and R. R. v. Gravatt, 93 Ga. 369, 26 L.R.A., 553, 44 Am. St., 145, in both of which it is held that "the defense of contributory negligence is available as against such beneficiaries as by their negligence contributed to the death of the deceased, but the contributory negligence of some of the beneficiaries will not defeat the action as to others who were not guilty of such negligence."
Of course, as in all other cases, the preliminary question to be decided is whether there was contributory negligence of one parent (or both), which was the proximate cause of the death, i. e., whether the defendant had or not the "last clear chance" to avoid killing the intestate. Pickett v. R.R., 117 N.C. 316, 53 Am. St., 611, 30 L.R.A., 257; Lassiter v. R. R.,133 N.C. 247. The father in this case is the administrator, and the contributory negligence is pleaded as that of the "plaintiff," but it is clear that it was meant by this plea to allege that the contributory negligence was on the part of the father. The Code, sec. 260, abolishes the old rule that the pleadings "should be construed most strongly against the pleader" and requires "the allegations to be liberally construed with a view to substantial justice between the parties." Stubbs v. Motz,113 N.C. 459. In failing, therefore, to submit an issue as to the contributory negligence of the father as prayed there was
Error.
Cited: Duckworth v. Jordan, 138 N.C. 528; Carter v. R. R., 139 N.C. 501.
(122)