A. GOLDSMITH, ADMINISTRATOR OF FREEMAN SAMET, v. MRS. S. SAMET.

(Filed 4 November, 1931.)

1. **Parents and Child B a—Unemancipated child living with parents may not maintain action in tort against them.**

   An unemancipated child living with his parents may not maintain an action in tort against them, nor can the administrator of the child recover damages against them for the child's wrongful death, as the statute, C. S., 160, gives a right of action for wrongful death only where the injured party, if he had lived, could have maintained such action.

2. **Equity A c—A person will not be allowed to benefit by his own tort.**

   Where an action for the wrongful death of a child is brought by his administrator against his mother, the complaint alleging that the death was caused by the negligent driving of the mother's car by her agent, the father, a recovery if permitted under the facts of this case would pass under the law of descent and distribution to the parents, C. S., 137(6), and the policy of the law would not permit them to benefit by their own tort.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at July Term, 1931, of SURRY.

Civil action to recover damages for an alleged wrongful death.

It is alleged that plaintiff's intestate, 15-year-old son of the defendant, living in the household of his parents, was killed by the negligent act of his father while driving the defendant's automobile, as her agent, from his home in Surry County to Greensboro, N. C.

From a judgment sustaining a demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, the plaintiff appeals.

*E. C. Bivens and Folger & Folger for plaintiff.*
*Carter & Carter for defendant.*

STACY, C. J. It was held in *Small v. Morrison,* 185 N. C., 577, 118 S. E., 12, that an unemancipated, minor child, living in the household of its parents, could not maintain an action in tort against its parents or either of them, upon the ground that no such action was known at the common law and none had been authorized by statute.

The policy of the law was not changed in this respect by C. S., 160, for there the right of action for death by wrongful act is limited to "such as would, if the injured party had lived, have entitled him to an action for damages therefor." Moreover, the amount recovered in such action is not liable to be applied as assets, in the payment of debts or

legacies, but is to be disposed of as provided "in this chapter" for the distribution of personal property in case of intestacy. *Hood v. Tel. Co.,* 162 N. C., 92, 77 S. E., 1094; *Carpenter v. Power Co.,* 191 N. C., 130, 131 S. E., 400. It is provided "in this chapter," C. S., 137, subsection 6, that if, in the lifetime of its father and mother, a child dies intestate, without leaving husband, wife or child, or the issue of a child, its estate shall be equally divided between the father and mother. In the instant case, therefore, if recovery were allowed, the amount would be divided between the two wrongdoers. This is also contrary to the policy of the law. *Parker v. Potter,* 200 N. C., 348, 157 S. E., 68; *Bryant v. Bryant,* 193 N. C., 372, 137 S. E., 188, 51 A. L. R., 1100.

Affirmed.