BRANSON REDDING, by His Next Friend, RUTH REDDING, v. CLIFFORD REDDING.

(Filed 21 May, 1952.)

**Parent and Child § 3b: Common Law—**

> Under the common law in force in this State a child may not maintain an action to recover for negligent injury against its parents or either of them. G.S. 4-1.

Appeal by plaintiff from *Patton, Special Judge,* January Term, 1952, of Guilford (High Point Division).

This is a civil action for the recovery of damages for personal injuries sustained by the minor plaintiff as a result of the alleged negligence of the defendant. The evidence discloses that Branson Redding, the minor

plaintiff, is the eight year old child of the defendant, living in the home of the defendant and supported by him at the time of the automobile accident which caused personal injuries to him. The next friend of the minor plaintiff is his mother, the wife of the defendant.

For the purposes of this appeal, the defendant concedes that there was sufficient evidence of actionable negligence on his part to establish a *prima facie* case.

The trial judge sustained the defendant's demurrer to the evidence which was interposed at the conclusion of the plaintiff's evidence, and entered a judgment as of nonsuit. The plaintiff appeals and assigns error.

*Haworth & Haworth for plaintiff, appellant.*
*Jordan & Wright for defendant, appellee.*

DENNY, J.  The common law does not recognize the right of an un-emancipated minor child, living in the household of its parents, to maintain an action in tort against its parents or either of them. The common law in this respect was enunciated and adhered to in *Small v. Morrison,* 185 N.C. 577, 118 S.E. 12, 31 A.L.R. 1135.

It is not contended by the appellant that there is any difference in the factual situation in the present appeal and that presented and adjudicated in *Small v. Morrison, supra.* It is contended, however, that the time has come when the harshness of the common law, as enunciated in that case, should be modified or rejected altogether.

It is provided by G.S. 4-1, that so much of the common law "as is not destructive of, or repugnant to, or inconsistent with, the freedom and independence of this state, . . . not abrogated, repealed, or become obsolete," shall remain in full force and effect in this jurisdiction. *Speight v. Speight,* 208 N.C. 132, 179 S.E. 461; *S. v. Hampton,* 210 N.C. 283, 186 S.E. 251; *S. v. Batson,* 220 N.C. 411, 17 S.E. 2d 511, 139 A.L.R. 614; *Moche v. Leno,* 227 N.C. 159, 41 S.E. 2d 369; *Scholtens v. Scholtens,* 230 N.C. 149, 52 S.E. 2d 350.

The common law as enunciated by this Court in the case of *Small v. Morrison, supra,* has not been abrogated or changed by statute. On the other hand, that case has been cited as controlling in *Goldsmith v. Samet,* 201 N.C. 574, 160 S.E. 835; and with approval in *Green v. Green,* 210 N.C. 147, 185 S.E. 651, and *Henson v. Thomas,* 231 N.C. 173, 56 S.E. 2d 432.

The appellant takes the position that we avoided the harshness of the common law, as applied in the *Small case,* in the cases of *Wright v. Wright,* 229 N.C. 503, 50 S.E. 2d 540, and *Foy v. Foy Electric Co.,* 231 N.C. 161, 56 S.E. 2d 418. We do not so construe those decisions. In our opinion, the facts involved in those cases excluded them from the common law rule laid down in the *Small case.*

We know of no jurisdiction in this country that has abrogated the common law rule under consideration, by statute or otherwise, except in cases involving willful or malicious torts. See Anno. 122 A.L.R. 1352.

The judgment of the court below is
Affirmed.