J. B. LEWIS, ADMINISTRATOR OF THE ESTATE OF WILLIAM ISAAC LEWIS, DECEASED, v. FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION, AND THOMAS GILLIAM.

(Filed 2 November, 1955.)

**1. Death § 3—**

Right of action for wrongful death is purely statutory, and the statute authorizes such action only when the deceased, if he had lived, could have maintained an action for the wrongful act, neglect or default. G.S. 28-173.

**2. Same: Parent and Child § 1b—**

In this State an action for wrongful death of an unemancipated child cannot be maintained against his mother for ordinary negligence resulting in his death, since, had the child survived, he could not have maintained an action against her to recover damages for his injuries.

**3. Same: Torts § 6—Contribution and indemnity for tort are based upon liability as a joint tort-feasor.**

In an action for wrongful death instituted by the administrator of a deceased unemancipated child against the driver of the car inflicting the fatal injury, defendant is not entitled to have the child's mother joined as a party defendant for the purpose of contribution or indemnity upon allegations that the child's mother was negligent in permitting the child to enter upon the highway unattended, since the mother cannot be liable to the plaintiff as a joint tort-feasor, and the statutory right of contribution and the right to indemnity on the ground of primary and secondary liability are both based upon the liability of a joint tort-feasor.

**4. Negligence § 8—**

The doctrine of primary and secondary liability in tort actions is based on active negligence and negative negligence of joint tort-feasors.

APPEAL by defendants from *Joseph W. Parker, J.,* June Term 1955 of LENOIR.

Civil action for damages for the death of a four-year-old child, when struck by an automobile.

The defendants answered denying the material allegations of the complaint, and alleged ordinary negligence on the part of the child's mother in permitting the child to enter upon the highway unattended as the proximate, or one of the proximate causes of the child's death.

The defendants filed a written motion praying that the child's mother be made a party defendant for the purposes of contribution under G.S. 1-240, and for indemnity.

The court denied the motion, and the defendants excepted and appealed, assigning error.

*Jones, Reed & Griffin for Plaintiff, Appellee.*
*Whitaker & Jeffress for Defendants, Appellants.*

PARKER, J.   Under G.S. 28-173, Death by Wrongful Act, the personal representative of the deceased has a right of action only when the death of his intestate "is caused by a wrongful · act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor." See: *Cowgill v. Boock,* 189 Or. 282, 218 P. 2d 445, 19 A.L.R. 2d 405, headnote 3, construing a similar provision in the statute for Wrongful Death in Oregon.  The right of action for wrongful death is based upon this statute, and must be asserted in conformity therewith.  *Webb v. Eggleston,* 228 N.C. 574, 46 S.E. 2d 700.

This unemancipated four-year-old child, if he had lived, could not have maintained an action against his mother to recover damages for injuries caused by her ordinary negligence.  *Redding v. Redding,* 235 N.C. 638, 70 S.E. 2d 676; *Small v. Morrison,* 185 N.C. 577, 118 S.E. 12, 31 A.L.R. 1135; illuminating annotation 19 A.L.R. 2d 423.

In this State an action for wrongful death of this child cannot be maintained against his mother for ordinary negligence resulting in his death, since, had the child survived, he could not have maintained an action against her to recover damages for his injuries.  *Goldsmith v. Samet,* 201 N.C. 574, 160 S.E. 835; Anno. 19 A.L.R. 2d, Sec. 13.  For a case of gross negligence and intoxication see: *Cowgill v. Boock, supra.* As to wilful or malicious acts of negligence see:  Anno. 19 A.L.R. 2d, Sec. 14.

The defendants seek to have the child's mother joined as a party defendant under the provisions of G.S. 1-240 as a joint tort-feasor. This cannot be done because the defendants cannot invoke either the statutory right of contribution, or the doctrine of primary and secondary liability, against the mother of the deceased child, who is not liable to the plaintiff in this action as a joint tort-feasor.  *Lovette v. Lloyd,*

236 N.C. 663, 73 S.E. 2d 886. The doctrine of primary and secondary liability in tort actions is based on active and negative negligence of joint tort-feasors. *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648.

The defendants cannot invoke the doctrine that a passively negligent tort-feasor, who is compelled to pay damages for a wrongful death, is entitled to indemnity from the actively negligent tort-feasor because the rationale of this doctrine is based upon the principle that the actively negligent tort-feasor and the passively negligent tort-feasor are both liable in damages to the personal representative of the deceased for the joint wrong, and the mother of this child is not liable in damages to plaintiff for ordinary negligence in the death of his intestate, if such should be the fact. *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768; *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118; *Johnson v. Asheville,* 196 N.C. 550, 146 S.E. 229.

The order of the lower court is

Affirmed.