ALBERT DIXON, ADMINISTRATOR OF JAMES B. DIXON, DECEASED v. WILLIAM F. BRILEY, ADMINISTRATOR OF OTHA LEE DIXON, DECEASED, AND SOUTHERN RAILWAY COMPANY, A CORPORATION.

(Filed 20 January, 1961.)

1. **Automobiles § 55—**

Allegations that the car involved in the collision was a family purpose car owned by the father and intended for the convenience and pleasure of members of his family, and that one of the sons of the owner was driving, with the knowledge and consent of the owner, at the time of the collision, is sufficient, liberally construed, to allege agency under the family purpose doctrine, notwithstanding the absence of allegation that the son was living with the owner as a member of his household.

2. **Actions § 5:    Death § 9—**

An automobile occupied by two brothers, one of whom was driving, was involved in a crossing accident and this action was instituted to recover for the death of one of them. *Held:* The defendant is entitled to set up agency of the driver under the family purpose doctrine for the purpose of imputing the driver's negligence to the owner as a bar to that portion of the recovery which would inure to the benefit of the owner if it were established that intestate was the passenger.

3. **Appeal and Error § 46:    Pleadings § 24—**

A motion to be allowed to amend is ordinarily addressed to the discretion of the trial court, and when the trial court refuses as a matter of law to grant a motion for a proper amendment, the cause will be remanded in order that the motion may be determined as a discretionary matter.

APPEAL by defendant Southern Railway Company from *Hall, J.,* May Civil Term, 1960, of ALAMANCE.

This is an action to recover for the alleged wrongful death of plain-

tiff's intestate arising out of a collision which occurred on 17 December 1959, about 11 o'clock p.m., at a railroad crossing in Alamance County, between an automobile in which plaintiff was riding and a freight train of the defendant Southern Railway Company.

After filing answer denying any negligence on its part, defendant Southern Railway Company moved the court for leave to file an amendment to its answer setting up negligence as imputed to beneficiary (father of plaintiff's intestate) as a bar to recovery.

The proposed amendment purports to show the relationship of the parties, to wit, that the automobile involved in the collision was a family purpose car, owned by the plaintiff Albert Dixon and maintained for the convenience and pleasure of the members of his family including his two sons, James B. Dixon and Otha Lee Dixon, and was being operated at the time of the collision either by Otha Lee Dixon or plaintiff's intestate, James B. Dixon, with his knowledge and consent.

The amendment further alleges the negligence of the operator of said automobile as imputed to Albert Dixon as a bar to any recovery in this action. It is also alleged in the proposed amendment that if such imputed negligence is not a bar to all recovery, such negligence as may be imputed to Albert Dixon, the plaintiff, is a bar *pro tanto* to that portion of any recovery which would be distributed or distributable to Albert Dixon as father of plaintiff's intestate.

Upon the hearing of the motion to amend, the trial court held as a matter of law that the matters alleged in the proposed amendment did not constitute a defense to recovery by the plaintiff and thereupon denied the motion of Southern Railway Company to amend.

The Southern Railway appeals, assigning error.

*William T. Joyner; Long, Ridge, Harris & Walker, attorneys for defendant Southern Railway Company.*

*No counsel contra.*

PER CURIAM. We assume the court below was of the opinion that the allegations set out in the proposed amendment were insufficient to constitute a good and sufficient plea that the car involved in the collision was a family purpose car and was being so used at the time of the accident with the knowledge and consent of the plaintiff, the owner therof.

It is true the allegations are not explicit as to whether or not the sons of the plaintiff, James B. Dixon and Otha Lee Dixon, were actually living with the plaintiff as members of his household at the time

of the accident. Even so, we think the inference to that effect is sufficiently clear to permit proof with respect thereto.

Therefore, in our opinion, when the allegations in the proposed amendment are liberally construed, as required by G.S. 1-151, they are sufficient, if proven, to establish agency within the purview of the family purpose doctrine. *Vaughn v. Booker*, 217 N.C. 479, 8 S.E. 2d 603.

Ordinarily, a defendant has the right to plead as a defense to an action for wrongful death, facts, which if proven, will constitute a bar to plaintiff's right to recover. *In re Estate of Ives*, 248 N.C. 176, 102 S.E. 2d 807; *Davenport v. Patrick*, 227 N.C. 686, 44 S.E. 2d 203; *Pearson v. Stores Corp.*, 219 N.C. 717, 14 S.E. 2d 811; *Davis v. R.R.*, 136 N.C. 115, 48 S.E. 591.

This Court, in the case of *Woody v. Pickelsimer*, 248 N.C. 599, 104 S.E. 2d 273, said: "Ordinarily, motion to amend a pleading * * * is addressed to the sound discretion of the trial court, and his ruling thereon, made in the exercise of such discretion, is not reviewable on appeal; but it is error for the trial court to rule thereon as a matter of law without the exercise of discretion. See *Tickle v. Hobgood*, 212 N.C. 762, 194 S.E. 461, and cases cited."

In view of the conclusion we have reached with respect to the allegations contained in the proposed amendment, in our opinion, the defendant is entitled to have its motion reconsidered and passed upon as a discretionary matter. *Tickle v. Hobgood, supra.*

Error.