WAKE COUNTY, *EX REL.* KAREN DALE DENNING v. MICHAEL SPEIGHT FERRELL

No. 8310DC1159

(Filed 6 November 1984)

1. **Appeal and Error § 2; Equity § 2; Estoppel § 6— laches and equitable estoppel —failure to raise in trial court**

   The defenses of laches and equitable estoppel could not be raised for the first time on appeal where they were not raised in the pleadings or presented at trial. G.S. 1A-1, Rule 8(c).

2. **Bastards § 10— county's action to establish paternity—taxing of costs of blood test**

   The trial court had the discretion to tax the costs of a blood test to defendant in an action brought by a county for a determination of the paternity of a child and for the recovery of AFDC funds previously paid for support of the child where the court determined that defendant was the father of the child. G.S. 6-21; G.S. 8-50.1; G.S. 49-14.

APPEAL by defendant from *Creech, Judge*. Order entered 16 June 1983 in District Court, WAKE County. Heard in the Court of Appeals 28 August 1984.

Plaintiff, Wake County, on behalf of Karen Dale Denning, mother of Michelle Tonya Ferrell, filed this action against the defendant for determination of paternity of the minor child; for recovery of public assistance funds previously paid for support of the child; for medical expenses for the child during minority; for prospective child support and that the costs of the action be taxed against the defendant. The trial judge made findings of fact and conclusions of law, those which are relevant to this appeal are set forth below.

Findings of Fact:

(1) That Karen Dale Denning (Keith) . . . has received Aid to Families with Dependent Children funds from the Wake County Department of Social Services for the support and maintenance of her minor child, Michelle Tonya Ferrell.

(5) That public assistance has been expended for the support and maintenance of the minor child, Michelle Tonya Ferrell in the amount of $8,714.00 during the time periods listed as follows: September, 1975 through October, 1978; December,

1979 through July, 1980; and December, 1980 through July, 1981.

(6) That Karen Dale Denning (Keith) expended $270.00 for the blood test pursuant to the [court] order dated March 2, 1982.

(15) That the Defendant was financially able to furnish support for his minor child, Michelle Tonya Ferrell, during the time periods within which public assistance was paid for the support and maintenance of the child.

From these findings, the trial judge found the following conclusions of law:

(1) That the Defendant owes a debt to the State in the amount of $8,714.00 for the public assistance paid for the support and maintenance of his minor child, Michelle Tonya Ferrell.

(2) That $83.00 every two weeks is an ample and reasonable amount for the Defendant to pay for the support and maintenance of his minor child, Michelle Tonya Ferrell.

(3) That there is good cause to require the Defendant to repay the costs expended for the blood test.

Based upon these findings of fact and conclusions of law, Judge Creech ordered the defendant to pay $20.00 every two weeks until his debt to the state was fully repaid and to pay Karen Dale Denning (Keith) $270.00 as repayment of the costs of the blood tests. Defendant only appeals from these two orders of the trial court.

*Wake County Attorney's Office, by Assistant Wake County Attorney Corinne G. Russell, for plaintiff appellee.*

*David H. Rogers, Esquire, for defendant appellant.*

JOHNSON, Judge.

Defendant contends the trial court erred in decreeing that the defendant owes the State of North Carolina $8,714.00 for public assistance paid as support for Michelle Tonya Ferrell. This Court notes from the outset that the State's right to collect public

monies expended through Aid to Families with Dependent Children for child support was legislatively created 1 July 1975. G.S. 110-128 *et seq.* The statute has the effect of subrogating the State to the rights of the dependent spouse to collect up to the amount expended.

[1] Defendant argues on appeal that the doctrines of laches and equitable estoppel bar the State from initiating this action to collect funds expended six years prior. The doctrines of laches and equitable estoppel are affirmative defenses that must be set forth in the pleadings at trial. G.S. 1A-1, Rule 8(c), Rules of Civil Procedure. We have fully reviewed the record and fail to find any evidence that the defenses were raised in the pleadings or presented at trial. The issues may not now be raised for the first time on appeal. *Starling v. Sproles*, 69 N.C. App. 598, 318 S.E. 2d 94 (1984).

[2] Defendant also contends that the court erred in requiring repayment of the costs of the blood tests. We disagree. The determination of this issue can only be resolved by reviewing the following three statutes: G.S. 8-50.1; G.S. 6-21; and G.S. 49-14, which speak to the question of illegitimate children and the taxing of the expense of blood tests as costs.

> It is, of course, a fundamental canon of statutory construction that statutes which are *in pari materia,* i.e., which relate or are applicable to the same matter or subject, although enacted at different times must be construed together in order to ascertain legislative intent. (Citations omitted.)

*Carver v. Carver*, 310 N.C. 669, 674, 314 S.E. 2d 739, 742 (1984). The starting point in construing the statutes in the case *sub judice* is G.S. 8-50.1, which gives the trial judge the authority to order a blood test where the issue of parentage arises. The present action was commenced pursuant to Article 9, G.S. 110-128 *et seq.* which provide, *inter alia,* for Wake County to bring a civil action to determine paternity. G.S. 8-50.1 requires the party requesting the blood tests to be initially responsible for the costs; thereafter the statute provides that upon the entry of a verdict of parentage or non-parentage, the trial judge may tax the expenses for the blood tests and comparisons as costs in accordance with the provisions of G.S. 6-21. G.S. 8-50.1(b)(2).

G.S. 6-21(10) allows the costs in a proceeding regarding illegitimate children under Article 3, Chapter 49 of the General Statutes to be taxed against either party, or apportioned among the parties, in the discretion of the court. The County commenced this civil action to determine the paternity of an illegitimate child, thus coming within the purview of Article 3, Chapter 49. Article 3, Chapter 49 is applicable to civil actions regarding illegitimate children. Construing the three statutes together, we conclude that it was within the discretion of the trial judge to tax the costs of the blood test to the defendant.

As to the remaining contentions, defendant has failed to argue or cite any authority in their support, therefore, the contentions are deemed abandoned. Rule 28(b)(5), Rules of Appellate Procedure.

Affirmed.

Judges WEBB and PHILLIPS concur.